**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-7288**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

     v.

MAURICE MONTRAE PARKS,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:10-cr-00127-BR-1; 5:12-cv-00500-BR)

———————

Submitted: January 15, 2015        Decided: January 20, 2015

———————

Before WILKINSON and NIEMEYER, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Montrae Parks appeals the district court's orders dismissing his 28 U.S.C. § 2255 (2012) motion as untimely and partially denying reconsideration. The district court granted a certificate of appealability as to its conclusion that Parks' motion was not timely filed. The issues presented in this appeal are controlled by our decision in Whiteside v. United States, __ F.3d __, 2014 WL 7245453 (4th Cir. Dec. 19, 2014) (en banc) (No. 13-7152). For the reasons that follow, we affirm.

In his § 2255 motion, Parks asserted that his Guidelines range was improperly enhanced under U.S. Sentencing Guidelines Manual § 2K2.1(a)(2), (b)(6) (2009), because certain offenses used to establish these enhancements were not predicate felonies under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Although Parks' motion was filed more than a year after his conviction became final, see 28 U.S.C. § 2255(f) (providing one-year statute of limitations for filing of § 2255 motion), he proffers two reasons why his § 2255 motion is timely. First, he asserts, his motion was filed within one year of Simmons, and therefore within one year of "the date on which the facts supporting [his] claim . . . could have been discovered through the exercise of due diligence." See 28 U.S.C. § 2255(f)(4). Second, he claims that Simmons constitutes

2

an extraordinary circumstance outside of his control that entitles him to equitable tolling. See Holland v. Florida, 560 U.S. 631, 649 (2010) (describing required showing for equitable tolling of petitions for collateral review).

Both of Parks' arguments are foreclosed by our en banc decision in Whiteside. In that case, we held that Simmons represented a change in law and not a "fact" triggering the statute of limitations under § 2255(f)(4). Whiteside, 2014 WL 7245453, at *3-4. We also held that Simmons does not provide an independent basis for equitable tolling. Id. at *4-5. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED